Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
3919 30th Street
San Diego, California 92104
(619) 500-6683
(619) 810-2980 fax
roberto@robertorobledo.com

Attorneys for Plaintiff Khoi Luong

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Khoi Luong**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**ABC Legal Services, LLC**,<br><br>Defendant. | Case No. '24CV1544 BEN MSB<br><br>**Complaint**<br><br>Jury Trial Demanded |

## Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Khoi Luong ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal

actions of ABC Legal Services, LLC. ("Defendant"), and their agents with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

3. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## Jurisdiction and Venue

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C § 1367 for pendent state law claims.

5. This action arises out of Defendant's violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

6. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) in that Defendant regularly transacts business in this District and all of Plaintiff's allegations against Defendant as described herein occurred in this District.

## Parties

7. Plaintiff is a natural person who at all material times pertinent hereto resided in Southern California and was allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

8. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

9. Defendant is a limited liability company formed under the laws of Washington. Defendant's principal address is 1099 Steward St., Suite 700, Seattle, WA 98101.

10. Defendant is regularly engaged in the business of indirectly collecting consumer debts by assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone, and internet. Defendant regularly collects, directly or indirectly, consumer debts alleged to be due to third parties via U.S. Mail, telephone, internet, and civil debt collection lawsuits. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c)

11. Defendant is not exempt from the FDCPA under 15 U.S.C. § 1692a(6)(D). See *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065 (N.D. Cal. 2011); *Ansari v. Elec. Document Processing Inc.*, No. 5:12-CV-01245-LHK, 2013 WL 4647621 (N.D. Cal. Aug. 29, 2013); *Long v. Nationwide Legal File & Serve, Inc.*, No. 12-CV-03578-LHK, 2013 WL 5219053 (N.D. Cal. Sept. 17, 2013). Specifically, when a process server files a false service of process, their actions "take[...]them beyond their role as process servers and render [...] them ineligible for the [process server] exception." *Spiegel v. Judicial Atty. Servs.*, No. 09-7163, 2011 WL 382809, at *1 (N.D.Ill. Feb. 1, 2011); *Ansari*, 2013 WL 4647621 at *7; *Picard v. Abc Legal Servs., Inc.*, Case No. 5:14-cv-04618-RMW (N.D. Cal. Jun 01, 2015); *Avina v. Patenaude, APC*, Case No. 20-cv-00166-BAS-MDD at 13-14 (S.D. Cal. Mar 09, 2021).

12. Plaintiff has suffered a concrete injury in fact that is fairly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

**Factual Allegations**

13. Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant was a California registered process server and conducted business in the State of California.

Complaint—3

14. Plaintiff allegedly incurred a financial obligation to Citibank NA for a revolving line of credit in the form of a Best Buy branded consumer credit card that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

15. These alleged financial obligations were primarily for personal, family or household purposes, more specifically, personal living expenses, and are therefore "debt(s)" as that term is defined by 15 U.S.C § 1692a(5).

16. Plaintiff is a U.S. Citizen and has relatives that live in the Socialist Republic of Vietnam, ("Vietnam").

17. Plaintiff regularly travels to Vietnam to visit his family.

18. Plaintiff obtained a 5-year visa exemption issued by Vietnam and uses it when he travels to Vietnam.

19. On August 22, 2023, Plaintiff flew to Vietnam to visit his relatives.

20. Upon entering Vietnam, a Vietnamese immigration official met with Plaintiff, reviewed Plaintiff's Vietnam Exemption Visa, and confirmed Plaintiff's identity. The immigration official stamped Plaintiff's visa with the date he entered the country, August 22, 2023.

21. Upon being identified and having his Visa reviewed and stamped, Plaintiff was then permitted to exit the airport and travel throughout Vietnam.

22. Plaintiff took a brief trip to Bangkok, Thailand during his stay in Vietnam. Plaintiff exited Vietnam and traveled directly to Bangkok, Thailand on September 5, 2023. Plaintiff returned to Vietnam from Bangkok, Thailand on September 9, 2023.

23. Plaintiff exited Vietnam to return to the United States of America on September 18, 2023.

24. Plaintiff's identification was confirmed, and Plaintiff's Vietnam Exemption Visa was inspected and stamped by Vietnamese immigration officials each time Plaintiff entered and exited Vietnam.

25. Plaintiff was out of the United States of America from August 22, 2023 through September 18, 2023. At no point during that time was Plaintiff at or even remotely near his residence in San Diego, California.

26. On August 28, 2023, Citibank NA, ("Citibank"), filed a lawsuit against Plaintiff in the Superior Court of California, County of San Diego, (the "Lawsuit").

27. Citibank's lawsuit alleged that Plaintiff was indebted to Citibank on an open book account for money due / money lent by Citibank to Plaintiff, more specifically a "My Best Buy Visa Platinum" branded credit account.

28. On September 6, 2023, Citibank's process server, ABC Legal Services, LLC, a registered California process server with Registration No. 6779 filed a Proof of Service of Summons ("POS") in the Lawsuit.

29. The POS was signed by Defendant's agent, William Thompson, a registered California process server with Registration No. 3543.

30. Defendant's agent, Mr. Thompson, signed the POS, on behalf of himself and Defendant under penalty of perjury under the laws of the State of California that the information [in the POS] is true and correct. A true and correct copy of the POS is attached hereto as Exhibit "A".

31. Defendant made the following declarations in the POS through their agent, Mr. Thompson.

> I served copies of (*specify documents*): **Summons; Complaint-Contract; Statement of Location/Venue; Civil Case cover Sheet; Notice of Case Assignment; Notice of Assignment to Imaging Department**
>
> Party served (specify name of party as shown on the documents served): **Khoi Luong**

Complaint—5

| | |
|---|---|
| 1 | Address where the party was served: **7847 Stalmer St Apt B,** |
| 2 | **San Diego, CA 92111-4426** |
| 3 | I served the party (*check proper box*) **by personal service**. I |
| 4 | personally delivered the documents listed in item 2 to the party |
| 5 | or person authorized to receive service of process for the party |
| 6 | (1) on (date): **09/02/2023** at (time): **12:19 PM Khoi Luong, I** |
| 7 | **delivered the documents to Khoi Luong with identity** |
| 8 | **confirmed by subject saying yes when named. The individual** |
| 9 | **accepted service with direct delivery. The individual** |
| 10 | **appeared to be a black-haired Asian male contact 45-55 years** |
| 11 | **of age, 5'6"-5'8" tall and weighing 120-140 lbs.** |
| 12 | Person who served papers: |
| 13 | Name: **William Thompson** |
| 14 | Address: **511 E. San Ysidro Blvd., #2518, San Ysidro, CA** |
| 15 | **92173** |
| 16 | Telephone number**: 619-940-3368** |
| 17 | The fee for service was: **$68.50** |

18  32.  Citibank then used the faulty POS to request and obtain a Judgment by Default against Plaintiff in the Lawsuit in the amount of $6,625.06. The Default Judgment was granted on December 6, 2023.

21  33.  Plaintiff retained the Law Offices of Roberto Robledo to take steps to vacate the improperly obtained Default Judgment.

23  34.  Defendant's declaration regarding their personal service of the summons and complaint (amongst others) on Plaintiff is simply false, deceptive, and misleading.

26  35.  Plaintiff was in Vietnam on September 2, 2023, the date Defendant declared that they allegedly served Plaintiff.

28

Complaint—6

36. Defendant did not personally deliver the "documents" to Plaintiff via "direct delivery" as Plaintiff was in Vietnam.

37. While Plaintiff does reside at the address listed in the POS, **no** "black-haired Asian male contact 45-55 years of age, 5'6"-5'8" tall and weighing 120-140 lbs" resides at that address other than Plaintiff.

38. No individual was authorized to accept service of process on behalf of Plaintiff while Plaintiff was in Vietnam.

39. Defendant did not declare that they personally delivered the "documents" to a person authorized to receive service of process for the party.

40. Defendant declared that they personally delivered the "documents" to Plaintiff himself, which was impossible as Plaintiff was out of the country.

41. Despite the false, deceptive, and misleading statements that Defendant personally served Plaintiff on September 2, 2023 in their POS, Defendant filed this POS in the Lawsuit on September 6, 2023.

42. The filing of a sworn declaration containing demonstrably, and unquestionably false information violates numerous provisions of the FDCPA and is the type of conduct the FDCPA was intended to address.

43. Defendant's filing of the POS containing false information as described herein was therefore an illegal effort to collect an alleged debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2) 1692e(10), and 1692f, amongst others.

44. Cal. Civ. Code § 1788.17 incorporates the above referenced sections of the FDCPA into the RFDCPA. Therefore, by violating 15 U.S.C. §§ 1692d, 1692e, 1692e(2) 1692e(10), and 1692f, Defendant's conduct also violated Cal. Civ. Code § 1788.17.

45. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair

and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

46. These collection actions taken by Defendant, and their agents, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

47. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

48. Defendants collection efforts with respect to this alleged debt from Plaintiff, which caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

49. Defendant's deceptive, misleading and unfair representations with respect to its service of process were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond and participate in Citibank's Lawsuit because Plaintiff was never properly served.

### *Respondeat Superior Liability*

50. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who executed and filed the POS in the lawsuit with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

51. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

52. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

53. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees and agents, including but not limited to violations of the FDCPA in its attempts to collect this debt from Plaintiff.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 USC § 1692** *et seq.*

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 *et seq*.

56. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)**

57. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

58. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

59. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of maximum statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Rosenthal Fair Debt Collection Practices Act

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;
6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant; and
7. for such other and further relief as may be just and proper.

### Trial By Jury

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   September 1, 2024.        Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff

Complaint—10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Complaint—11

# Exhibit A

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):*<br>Michael S. Hunt, ESQ. (99804), Janalie Henriques (111589), Anthony DiPiero (268246), Keri Salet (318913)<br>**Hunt & Henriques**<br>**7017 Realm Drive**<br>**San Jose, CA 95119**<br>    TELEPHONE NO.: **408-362-2270**    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* **CITIBANK N.A.** | **FOR COURT USE ONLY** |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>    STREET ADDRESS: **330 W Broadway**<br>    MAILING ADDRESS: **330 West Broadway Room 225 (Civil)**<br>    CITY AND ZIP CODE: **San Diego 92101**<br>    BRANCH NAME: **Hall of Justice Courthouse** | |
| PLAINTIFF/PETITIONER: **CITIBANK N.A.** | CASE NUMBER:<br>**37-2023-00037082-CL-CL-CTL** |
| DEFENDANT/RESPONDENT: **Khoi Luong** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**1530628** |

**IMAGED FILE**

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents):*
   **Summons; Complaint-Contract; Statement of Location/Venue; Civil Case Cover Sheet; Notice of Case Assignment; Notice of Assignment to Imaging Department**

3. a. Party served *(specify name of party as shown on documents served):*
      **Khoi Luong**

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*

4. Address where the party was served:
   **7847 Stalmer St Apt B, San Diego, CA 92111-4426**

5. I served the party *(check proper box)*

   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **09/02/2023** at *(time):* **12:19 PM**
   **Khoi Luong, I delivered the documents to Khoi Luong with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired Asian male contact 45-55 years of age, 5'6"-5'8" tall and weighing 120-140 lbs.**

   b. [ ] **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):*        from *(city):*        **or** [ ] a declaration of mailing is attached.

Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure. § 417.10
Tracking #: **0113468925**

REF: **1530628**

| PLAINTIFF/PETITIONER: CITIBANK N.A. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Khoi Luong | 37-2023-00037082-CL-CL-CTL |

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☒ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☐ On behalf of *(specify)*

        under the following Code of Civil Procedure section:

        ☐ 416.10 (corporation)      ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)      ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)      ☐ 415.46 (occupant)
                                                      ☐ other:

7. **Person who served papers**

    a. Name:            **William Thompson**
    b. Address:         **511 E. San Ysidro Blvd., #2518, San Ysidro, CA 92173**
    c. Telephone number:    **619-940-3368**
    d. The fee for service was: **$ 68.50**
    e. I am:

        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒ registered California process server:
            (i) ☐ owner    ☐ employee    ☒ independent contractor.    For:    **ABC Legal Services, LLC**
            (ii) ☒ Registration No.: **3543**        Registration #: **6779**
            (iii) ☒ County: **San Diego County**        County: **Los Angeles**

**BY FAX**

Page 2 of 3

POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Tracking #: **0113468925**


REF: **1530628**



8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. [ ] **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 09/02/2023

**William Thompson**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

